1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT JOHNSON,

11          Plaintiff,                    No. CIV 11-1321 JAM CKD

12      vs.

13   S & K PARTNERSHIP,

14          Defendant.                    FINDINGS & RECOMMENDATIONS

15   _____/

16          Presently before the court is plaintiff's motion for default judgment.  This matter

17   is submitted without oral argument.  The undersigned has fully considered the briefs and record

18   in this case and, for the reasons stated below, will recommend that plaintiff's motion for default

19   judgment be granted.

20          Plaintiff is a permanently disabled wheelchair user.  Defendant operates a gas

21   station/convenience store "Britton's Mini Mart" located at 640 Broadway Street in Vallejo,

22   California.  Plaintiff visited the subject establishment on July 14, 2010 and November 17, 2010

23   and encountered architectural barriers which denied him full and equal access.

24          The record reflects that defendant was properly served with process on November

25   18, 2011 and default was entered on February 2, 2012.  Plaintiff thereafter filed a motion for

26   default judgment with a proof of service reflecting service of the motion on defendant.  Plaintiff

1

1  seeks an entry of default judgment in the amount of $8,000 pursuant to California Civil Code

2  section 52(a)[1] as well as injunctive relief.[2]

3           Entry of default effects an admission of all well-pleaded allegations of the

4  complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

5  1977).  The court finds the well pleaded allegations of the complaint state a claim for which

6  relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The

7  memorandum of points and authorities and affidavits filed in support of the motion for entry of

8  default judgment also support the finding that plaintiff is entitled to the relief in the form of

9  statutory damages and injunctive relief requested in the prayer for default judgment, which does

10  not differ in kind from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315,

11  317 (9th Cir.), cert. denied, 419 U.S. 832 (1974).  Plaintiff is entitled to statutory damages for

12  each "offense," i.e., each obstructed visit.  See Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847

13  (9th Cir.2004); see also Feezor v. DeTaco, Inc., 431 F.Supp.2d 1088 (S.D. Cal. 2005).  There are

14  no policy considerations which preclude the entry of default judgment of the type requested.  See

15  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by

16  the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim,

17  sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute

18  concerning material facts; whether the default was due to excusable neglect, and strong policy

19  underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

20           For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

21           1.  Plaintiff's motion for default judgment (dkt. no. 24) against defendant be

22  granted;

23

24       [1]  The Unruh Civil Rights Act provides, in relevant part, for a minimum statutory damage
    amount of $4,000 per violation.  Cal. Civ. Code § 52(a).
25

26       [2]  Plaintiff seeks injunctive relief requiring defendant to remove identified architectural
    barriers only to the extent such alterations are readily achievable.

2

1        2.  Plaintiff be awarded statutory damages in the amount of $8,000.00.

2        3.  Plaintiff be granted an injunction requiring defendant to provide readily

3 achievable property alterations that consist of providing the correct number and type of properly

4 configured, van-accessible disabled parking spaces, an accessible route to an accessible entrance,

5 accessibility signage and striping signage, all in accordance with the Americans With Disabilities

6 Act of 1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG)

7 contained in 28 Code of Federal Regulations Part 36.

8        4.  The Clerk of Court be directed to close this case.

9        These findings and recommendations are submitted to the United States District

10 Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

11 fourteen days after being served with these findings and recommendations, any party may file

12 written objections with the court and serve a copy on all parties.  Such a document should be

13 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

14 objections shall be served and filed within seven days after service of the objections.  The parties

15 are advised that failure to file objections within the specified time may waive the right to appeal

16 the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   Dated: March 14, 2012

18 

19                               CAROLYN K. DELANEY
                              UNITED STATES MAGISTRATE JUDGE

20 

21 4
johnson-s&k2.def

22 

23 

24 

25 

26